# EXHIBIT 2

STATE OF NORTH CAROLINA IN THE GENERAL COURT OF JUSTICE
COUNTY OF BUNCOMBE SUPERIOR COURT DIVISION
 22-CV-002497-100

FILED
DATE: 03/28/25
TIME: 1:00 pm
BUNCOMBE COUNTY
CLERK OF SUPERIOR COURT
BY: S. Keziah

| | |
|---|---|
| HE, Inc.         Plaintiff,  v.  STEPHEN WOODY and DAVID FANN,         Defendants. | JUDGMENTS AGAINST DEFENDANT STEPHEN WOODY AND DAVID FANN |

THIS MATTER came on for Jury Trial during the March 3, 2025 Civil Session of Superior Court for Buncombe County, North Carolina, before the Honorable Jacqueline D. Grant, presiding. The Parties appeared before the Court, and were represented by counsel during the trial as follows: Plaintiff was represented by Jake A. Snider of the firm Wimer Snider, P.C. and Defendants were represented by Christopher Lewis of Allen Stahl and Kilbourne. The jury was empaneled and sworn. The Court heard and received evidence presented by the parties and heard motions by the parties during the course of the trial. Upon conclusion of the evidence, the following issues were submitted to the jury, and after deliberations, the jury returned its verdict in open court on March 7, 2025, answering the issues set forth below as follows:

**FIRST ISSUE:**

"Was the Plaintiff, HE, Inc. financially damaged by a negligent misrepresentation of the Defendant Stephen Woody"

**ANSWER:** Yes.

**JUDGMENT – Page 1**

**SECOND ISSUE:**

"What amount is the Plaintiff entitled to recover from the Defendant Stephen Woody as damages for negligent misrepresentation?"

**ANSWER:** $600,000.

**THIRD ISSUE:**

"Was the Plaintiff, HE, Inc., financially damaged by a negligent misrepresentation of the Defendant David Fann?"

**ANSWER:** Yes.

**FOURTH ISSUE:**

"What amount is the Plaintiff entitled to recover from the Defendant David Fann as damages for negligent misrepresentation?"

**ANSWER:** $600,000.

**FIFTH ISSUE:**

"Did the Defendant Stephen Woody do at least one of the following:

(a) Make false statements to HE, Inc. which induced HE, Inc. to enter into the Partial Debt Settlement Agreement ("PDSA"), thereby foregoing filing suit at that time against Avadim for debt owed to HE, Inc.?

**ANSWER:** No.

**JUDGMENT – Page 2**

(b) Conceal material information, the disclosure of which would have resulted in HE, Inc. not entering the Partial Debt Settlement Agreement ("PDSA") but instead filing suit against Avadim for the debt owed to HE, Inc. at that time?"

**ANSWER:** Yes.

**SIXTH ISSUE:**

"Was the Defendant Stephen Woody's conduct in commerce or did it affect commerce?"

**ANSWER:** Yes.

**SEVENTH ISSUE:**

"Was the Defendant Stephen Woody's conduct a proximate cause of the Plaintiff's injury?"

**ANSWER:** Yes.

**EIGHTH ISSUE:**

"In what amount has the Plaintiff been injured by Defendant Stephen Woody?"

**ANSWER:** $189,999.

**NINTH ISSUE:**

"Did the Defendant David Fann do at least one of the following:

(a) Make false statements to HE, Inc. which induced HE, Inc. to enter into the Partial Debt Settlement Agreement ("PDSA"), thereby foregoing filing suit at that time against Avadim for debt owed to HE, Inc.?

**ANSWER:** No.

**JUDGMENT – Page 3**

(b) Conceal material information, the disclosure of which would have resulted in HE, Inc. not entering the Partial Debt Settlement Agreement ("PDSA") but instead filing suit against Avadim for the debt owed to HE, Inc. at that time?"

**ANSWER:** Yes.

**TENTH ISSUE:**

"Was the Defendant David Fann's conduct in commerce or did it affect commerce?"

**ANSWER:** Yes.

**ELEVENTH ISSUE:**

"Was the Defendant David Fann's conduct a proximate cause of the Plaintiff's injury?"

**ANSWER:** Yes.

**TWELFTH ISSUE:**

"In what amount has the Plaintiff been injured by Defendant David Fann?"

**ANSWER:** $1.00.

HE, Inc.'s damages under the North Carolina Unfair and Deceptive Trade Practices Act are automatically trebled. Plaintiff HE, Inc. is entitled to pre-judgment interest on its base compensatory damages at a rate of eight percent (8%) per annum from July 8, 2022 (the date of filing of the Complaint) pursuant to N.C. Gen. Stat. §24-5(c). HE, Inc. is entitled to post-judgment interest on the amount of trebled damages at a rate of eight percent (8%) per annum from the date of entry of this judgment.

**JUDGMENT – Page 4**

**WHEREFORE, it is ORDERED, ADJUDGED, and DECREED** as follows:

1. That the Plaintiff HE, Inc. have and recover compensatory damages in the amount of Seven Hundred Eighty-nine Thousand Nine Hundred Ninety-nine Dollars ($789,999.00) against Defendant Stephen Woody pursuant to the jury's verdict and answers to Issues 1-2 and 5-8, together with pre-judgment interest at the legal rate of eight percent (8%) per annum from July 8, 2022, and post-judgment interest the same rate of eight percent (8%) per annum from the date hereof until the date this Judgment against Stephen Woody is satisfied.

2. That the Plaintiff HE, Inc. have and recover trebled damages in the amount of Three Hundred Seventy-nine Nine Hundred Ninety-eight Dollars ($379,998.00) against Defendant Stephen Woody pursuant to the jury's verdict and answers to Issues 5-8, together with post-judgment interest at the legal rate of eight percent (8%) per annum from the date hereof until the date this Judgment against Stephen Woody is satisfied.

3. That the Plaintiff HE, Inc. separately have and recover the amount of Six Hundred Thousand and Three ($600,001) dollars against Defendant David Fann pursuant to the jury's verdict and answers to Issues 3-4 and 9-12, together with pre-judgment interest at the legal rate of eight percent (8%) per annum from July 8, 2022, and post-judgment interest the same rate of eight percent (8%) per annum from the date hereof until the date of this Judgment against David Fann is satisfied.

4. That the Plaintiff HE, Inc. have and recover trebled damages in the amount of Two Dollars ($2.00) against Defendant David Fann pursuant to the jury's verdict and answers to Issues 9-12, together with post-judgment interest at the legal rate of eight percent (8%) per annum from the date hereof until the date this Judgment against David Fann is satisfied.

**JUDGMENT – Page 5**

5. That the Court retains jurisdiction over this matter for the purpose of assessing the amount of costs and attorney fees taxable against the Defendants pursuant to Chapters 6 and 75 of the North Carolina General Statutes.

6. This judgment shall earn post-judgment interest at the legal rate.

7. Plaintiff HE, Inc. shall have all writs necessary for the execution and enforcement of this Judgment.

3/28/2025 12:30:17 PM

This, the __28th__ day of March 2025.

_____
The Honorable Jacqueline D. Grant
Superior Court Judge Presiding

STATE OF NORTH CAROLINA           IN THE GENERAL COURT OF JUSTICE
COUNTY OF BUNCOMBE                      SUPERIOR COURT DIVISION
                                                       22-CV-002497-100

HE, Inc.                                )
                                        )
   Plaintiff,                   )
                                        )
v.                                      )
                                        )   **CERTIFICATE OF SERVICE**
STEPHEN WOODY and DAVID FANN            )
                                        )
   Defendants.                  )
                                        )
                                        )
                                        )
                                        )

The undersigned does hereby certify that on **April 2, 2025**, copies of the attached Judgments against Defendants Stephen Woody and David Fann dated March 28, 2025, was served in the following manner upon the following counsel of record via Electronic Mail and First Class Mail:

Chris Lewis
Allen Stahl and Kilbourne
20 Town Mountain Road, Suite 100
Asheville, NC 28801
clewis@asklawnc.com


    /s/ Jake A. Snider
    Jake A. Snider